**UNITED STATES of America,**

v.

**William ARMBRUSTER, Ruth H. White-law and Metropolitan Life Insurance Company, Defendants.**

No. 74 CIV. 960.

United States District Court,
S. D. New York.

Dec. 19, 1977.

Robert B. Fiske, Jr., U. S. Atty., William Hibsher, Asst. U. S. Atty., New York City, for plaintiff.

Paul, Weiss, Rifkind, Wharton & Garrison, Bruce L. Owens, Richard A. Mescon, New York City, for defendants.

## MEMORANDUM OPINION

MOTLEY, District Judge.

This is an action pursuant to Sections 7402(a) and 7403 of the Internal Revenue Code of 1954, as amended, for recovery of withholding taxes due as a result of wage payments made during the first and second quarters of 1969.

The defendant, William Armbruster, was the president of Edgewood Furniture Co., Inc., (Edgewood), and had run the company since he founded it in 1947. Encountering serious financial difficulties, the company became defunct in June 1969 and its assets were sold at public auction for over $11,000 to satisfy judgments of only $3,000. Prior to the date of the auction, the defendant notified the Internal Revenue Service of the impending auction, yet no representative of the IRS was present.

In November 1969, the defendant filed Employer's Quarterly Federal Tax Return, showing Withholding and Federal Insurance Contributions Act tax liabilities in the amount of $2,433.93 for the quarterly period ending March 31, 1969. The return was filed without payment of the taxes due thereon. Subsequently, during the fall of 1969, a Revenue Officer prepared for the defendant's signature an Employer's Quarterly Federal Tax Return for the second quarter of 1969, based solely upon the first quarter's return (no books or records of Edgewood were available, having been lost or destroyed at the time of the auction in June 1969).

After these filings, the defendant met on several occasions with agents from the Internal Revenue Service and acknowledging his debt, attempted to negotiate a settlement providing for monthly installments payments. No agreement on the amount of the payments was ever reached.

Pursuant to levy on defendant's salary at a place of employment where he no longer works and from a tax refund due defendant on his 1970 tax return, the Internal Revenue Service obtained $492.16.

On February 28, 1974, plaintiff filed a complaint in this action seeking $5,329.11, plus interest, from defendant in outstanding penalties owed by Edgewood. Plaintiff has served a notice of levy on defendant Metropolitan Life Insurance Company on December 16, 1971 levying upon two life insurance policies, each in the face amount of $5,000., owned by Mr. Armbruster and now seeks foreclosure of those liens. In an amended complaint of June 7, 1974, plaintiff named Ruth H. Whitelaw as a defendant as she is the beneficiary of those policies.

At the present time, Mr. Armbruster is 68 years old, has no permanent place of residence, is unemployed and receives Social Security payments amounting to $277.00 per month. Mr. Armbruster's only assets are the two life insurance policies issued by defendant Metropolitan Life Insurance Company from which he begs to have his funeral expenses paid (defendant Ruth H. Whitelaw, it appears, has pledged herself to bury Mr. Armbruster from the proceeds of the policies). The foregoing facts are not disputed and the government does not claim that Mr. Armbruster has any hidden assets.

Unable to pay the premiums, Mr. Armbruster has allowed both policies to lapse. In accordance with their terms, the policies have automatically been converted into extended term insurance under which the premiums, as they become due, are paid out of the cash surrender values of the policies. As a result, the cash surrender values of both policies are continually being reduced by premium payments. One policy expires September 20, 1986 and the other policy expires February 18, 1987.

Mr. Armbruster conducted this litigation *pro se* until February 1977 when the Court decided to appoint private counsel to represent him.

At the first pretrial conference on April 8, 1977, a proposed settlement was considered which was set forth in a letter dated April 6, 1977 and which the Assistant United States Attorney agreed to recommend to the Internal Revenue Service. The Assistant United States Attorney advised the court that he knew no reason why the settlement might not be accepted but that approval by the Internal Revenue Service would take time.

Under the terms of the proposed settlement, Mr. Armbruster would consent to entry of judgment as demanded in the amended complaint for the quarter ending March 31, 1969, with accrued interest. The amount agreed upon for the quarter ending June 30, 1969 was approximately 50% of the amount demanded in the amended complaint with accrued interest. The total amount agreed upon was $3,577.88 with interest to the date of the settlement order. The judgment entered would be executed only upon the two life insurance policies issued by Metropolitan Life Insurance Company upon the death of Mr. Armbruster. Of course, if Mr. Armbruster should outlive the expiration of the cash surrender values which are now paying the premiums, the government will receive nothing and there will be no money forthcoming from these policies for Mr. Armbruster's burial expenses. If Mr. Armbruster should die before the cash surrender values expire, the policies would be in force at the time of his death and the government, under the terms of the settlement agreement, would receive the full amount of the judgment with accrued interest as indicated.

By order of the court, a second pretrial conference was scheduled for October 6, 1977, at which time, as the order recites, it was "expected that the IRS will have approved the settlement in this case." Since the Internal Revenue Service and plaintiff has not approved the settlement, the October 6, 1977 pretrial conference was adjourned, at the request of the plaintiff, until November 11, 1977. When this second pretrial conference was held, the plaintiff advised the court that the Internal Revenue Service and the Department of Justice still had not finally approved the settlement but had suggested counter-proposals. No good and sufficient reasons were proffered as to why defendant's proposed settlement was unfair or unreasonable to the government. It appeared, and the court so finds, that the

government has simply been dragging its leaden feet in this case.

The court considers the proposed settlement fair, adequate and reasonable in all respects and a delay, in this matter, on the government's part, for over 8 months is untenable, especially since this action has been pending since February 1974. Why the government should seek to force a harder bargain on this admittedly indigent defendant who asks only that he be allowed funeral expenses from policies that might even expire before his death, totally escapes this Court. As Judge Medina has stated, "There are and must be times when the strong arm of the law should be stayed out of pure mercy." *United States v. Sullivan*, 406 F.2d 180, 187 (1969) (Medina, C. J., dissenting). Judgment is thus entered on the proposed settlement and this action is discontinued for failure of the government to act promptly and fairly.